UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 20-cv-2681

| | |
|---|---|
| Julia Kurterbis, <br><br> Plaintiff, <br> v. <br><br> Mercedes-Benz Financial Services USA LLC and Northland Recovery Bureau Inc, <br><br> Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action originates from Defendants' unlawful repossession of Plaintiff's automobile and wrongful conversion of personal property in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; Minn. Stat. § 336.9-609; and Minnesota state common law.

## JURISDICTION AND VENUE

2. This action arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

1

## PARTIES

4. Plaintiff Julia Kurterbis (hereinafter "Plaintiff") is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "consumer debtor" as defined by Minn. Stat. § 336.9-102(a)(22).

5. Defendant Mercedes-Benz Financial Services USA LLC (hereinafter "Defendant Mercedes") is a finance company organized under the laws of the United States, with its principal place of business located at 36455 Corporate Drive, Farmington Hills, MI 48331 with a registered agent of service of CT Corporation System Inc., 1010 Dale St N, St. Paul, MN 55117. Defendant Mercedes regularly conducts business in the State of Minnesota.

6. Defendant, Northland Recovery Bureau Inc. (hereinafter "Defendant Northland"), is a repossession company who is incorporated under the laws of the State of Minnesota; is licensed to do business and regularly conducts business within said State; with an its principal place of business located at 1800 Highway 13 West, Burnsville, MN 55337. Upon information and belief, Defendant Northland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

## FACTUAL ALLEGATIONS

7. Sometime prior to July 30, 2020, David Zins (hereinafter "Mr. Zins") purchased the 2012 Mercedes GK3, VIN #: WDCGG8HB6CF870930 (hereinafter "Vehicle").

2

8. At some time after the purchase Mr. Zin's obtained a loan with Defendant Mercedes for the Vehicle in question and Mercedes acquired a security interest in the Vehicle.

9. The loan to Mr. Zin from Defendant Mercedes constituted a consumer debt as that is defined by 15 U.S.C. §1692a(5).

10. In or about July 30, 2020, Mr. Zins sold the Vehicle to A&M Auto located at 845 S. Robert St., St. Paul, MN 55107.

11. Mr. Zins allegedly paid his loan in full to Defendant Mercedes and was issued a lien release card.

12. A&M Auto then sold the Vehicle to Dealswithwheels LLC ("Dealswithwheels") located at 6250 Concord Blvd, Inver Grove Heights, MN 55076.

13. The state of Minnesota has records demonstrating that Defendant Mercedes released it lien related to the Vehicle.

14. On or about August 29, 2020, Plaintiff purchased the Vehicle from Dealswithwheels and financed the Vehicle with an automobile loan through Wings Financial Credit Union.

15. On September 11, 2020, Plaintiff was issued, by the state of Minnesota, the official certificate of title for the Vehicle, showing Plaintiff was the owner and Wings Financial Credit Union as the First Secured Party.

16. On or about December 9, 2020, without any prior notice the Vehicle was wrongfully repossessed / stolen from Plaintiff's residence in St. Paul, Minnesota by Defendants.

17. Immediately upon realization, Plaintiff called the Ramsey County police dispatch and was informed Defendant Northland had repossessed the Vehicle.

18. Upon information and belief, Defendant Mercedes instructed Defendant Northland to repossess the Vehicle on its behalf despite knowing that it did not have a present right to possess the Vehicle.

19. Defendants were attempting to collect an alleged outstanding debt from Plaintiff in the form of the Vehicle that secured Mr. Zin's consumer loan.

20. Defendant Northland was attempting to collect a debt allegedly owed or due by/from Plaintiff.

21. Plaintiff is a front-line health care worker who depends on the Vehicle for transportation to her employment.

22. Moreover, Plaintiff is a single mother of three (3) minor children and dependent on the Vehicle for transportation to meet the needs of her family.

23. As a result of Defendants' conduct Plaintiff has received warnings for being late to work which has caused Plaintiff fear and worry about her employment.

24. Plaintiff oldest child is a foster child and has developmental disabilities.

25. As a result of Defendants' conduct Plaintiff's children have missed appointments and other therapy sessions necessary for their education and development.

26. The disruption in Plaintiff's children's 'schedules has resulted in behavioral changes and need for communications with social workers to assist Plaintiff.

27. Plaintiff has suffered out of pocket loss due to Defendants' conduct in the form of renting a replacement vehicle.

28. Plaintiff spoke with a Ramsey County police officer but was informed there was nothing the officer could do about a repossession as it was a "civil matter."

29. Plaintiff contacted Defendant Northland and was told that it would not return the Vehicle despite Plaintiff being in possession of clear title to the Vehicle and for Plaintiff to contact Defendant Mercedes.

30. Plaintiff contacted Defendant Mercedes and it refused to release Plaintiff's Vehicle.

31. Plaintiff then went to Dealswithwheels and they pulled the Minnesota Department of Motor Vehicle information on the Vehicle and it also shows that there were NO previous liens on the Vehicle.

32. Additionally, Plaintiff made several more calls to the owner of Defendant Mercedes and Northland, all with no return of her Vehicle.

33. As a result of Defendants' actions, Plaintiff has suffered out-of-pocket loss, and loss of the vehicle in excess of $75,000.

34. Plaintiff now brings this suit to recover damages and obtain possession of the Vehicle.

35. As a result of Defendants' actions, Plaintiff has suffered emotional distress, loss of sleep, out of pocket damages, anger, anxiety, embarrassment, frustration, and humiliation.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692f(6)

### AGAINST DEFENDANT NORTHLAND

37. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

38. Under 15 U.S.C. § 1692f(6), the FDCPA prohibits debt collectors, such as Defendant Northland, from enforcing a security interest against a debtor's property in the absence of a present right to possession of the collateral.

39. Without a present legal right to possess the vehicle (due to no security interest), Defendant Northland persisted and engaged in a repossession on December 9, 2020, in violation of 15 U.S.C. § 1692f(6).

40. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover from Defendant Northland, actual damages, including mental and emotional distress, statutory damages of $1,000, and costs and reasonable attorney's fees.

### COUNT II.
### WRONGFUL REPOSSESSSION
### MINN. STAT. § 336.9-609

### AGAINST DEFENDANTS MERCEDES AND NORTHLAND

41. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

42. Defendants had no present legal right to possess Plaintiff's Vehicle under Minn. Stat. § 336.9-609.

43. Defendants' self-help repossession on December 9, 2020, was therefore conducted without a present right to possession and breached the peace, in violation of Minn. Stat. § 336.9-609.

44. Plaintiff seeks statutory damages from Defendants in an amount of not less than the finance charge ($3489.54) plus 10% of the amount financed ($1501.08) or $4990.62

45. Pursuant to Minn. Stat. § 336.9-625, Plaintiff is entitled to recover from Defendants her actual damages, including mental and emotional distress.

## COUNT III.

## CONVERSION

### AGAINST DEFENDANTS MERCEDES AND NORTHLAND

46. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

47. Defendants intentionally interfered with Plaintiff's use of her property without a claim of right by repossessing her Vehicle in violation of Minn. Stat. § 336.9-609.

48. Defendant Mercedes intentionally interfered with Plaintiff's use of the property i.e., the Vehicle, without a claim of right by refusing to allow Plaintiff to possession of the Vehicle itself.

49. Plaintiff has suffered an absolute deprivation of her property rights and is entitled to recovery for the full value of the Vehicle and the full value of loss of use of her property due to damages by Defendants.

## COUNT IV.

## CIVIL THEFT
## MINN. STAT. § 604.14

## AGAINST DEFENDANTS MERCEDES AND NORTHLAND

6. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

7. Defendant Mercedes knew or should have known that after issuing the lien release it would lose all possessory interest in the Vehicle.

8. A person who steals personal property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater.

## COUNT V.

## COMMON LAW TRESPASS TO CHATTELS–THE VEHICLE

## AGAINST ALL DEFENDANTS

50. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

51. Defendants intentionally, wrongfully, and maliciously interfered with Plaintiff's right to possession of the Vehicle on December 9, 2020.

52. Plaintiff was harmed by Defendants' interference with its right to possession of the Vehicle and suffered damages.

53. Plaintiff is entitled to recover from Defendants damages caused by their willful trespass to its right to the Vehicle and such damages as the jury may allow.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment as follows:

- awarding Plaintiff actual and statutory damages against Defendant Northland for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff reasonable attorney's fees and costs fees against Defendant Northland pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff actual and statutory damages in the amount of $4990.62 against Defendants pursuant to Minn. Stat. §336.9-625;
- awarding Plaintiff damages caused by Defendants' conversion of Plaintiff's property;
- awarding Plaintiff punitive damages for Defendants for civil theft; and
- for such other and further relief as may be just and proper.

Dated this 29th day of December, 2020.

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #:  0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Julia Kurterbis, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 29th day of December, 2020

                                                              s/Julia Kurterbis
                                                              Julia Kurterbis